UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KELVIN O. MOSBY, JR., | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1661 ACL |
| | ) | |
| JENNIFER SACHSE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive and shall be summarily dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Petitioner was charged with two counts of first-degree statutory sodomy on June 17, 2009. *Missouri v. Mosby,* No. 09SL-CR01821-01 (St. Louis County). A jury convicted defendant on both counts on March 16, 2011. *Id.* On May 19, 2011, the court sentenced defendant to concurrent terms of thirteen years' imprisonment. The Missouri Court of Appeals affirmed the judgment and sentences on June 5, 2012. *Missouri v. Mosby*, 367 S.W.3d 647 (Mo. Ct. App. 2012). Petitioner did not seek transfer to the Missouri Supreme Court. *Missouri v. Mosby,* No. ED96905 (Mo. Ct. App. 2012) (accessed on Case.net, https://www.courts.mo.gov/ casenet/base/welcome.do).

Petitioner filed a pro se motion for post-conviction relief under Missouri Court Rule 29.15 on May 6, 2013. *Mosby v. Missouri,* No. 13SL-CC01850 (St. Louis County) (accessed on

1

Case.net). On March 14, 2014, the motion court dismissed the case as untimely. *Id.* Petitioner did not file an appeal. Prisoner filed his first petition for writ of habeas corpus in this Court on January 12, 2015, which is the day he put it in the prison mailbox system. *See Mosby v. Sachse*, No. 4:15CV128 CEJ (E.D.Mo.). The Court dismissed the petition as untimely on March 3, 2015. *Id.* Petitioner did not appeal this Court's ruling.[1]

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *See, e.g., In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)). As a result, the instant motion is successive.

Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant

---

[1] Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. <u>Gonzalez v. Thaler</u> 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02. Accordingly, petitioner's judgment of conviction became final on June 20, 2012, fifteen days after the Missouri Court of Appeals affirmed his conviction on direct appeal. The Court assumed, for the sake of argument, that the one-year limitations period was tolled during the pendency of petitioner's untimely post-conviction proceedings, that is, from May 6, 2013, through March 14, 2014. Adding the 320 days between June 20, 2012, and May 6, 2013; and the 304 days between March 14, 2014, and the postmark date of January 12, 2015, the Court found that a total of 624 days had elapsed on the date the petition was placed in the prison mailbox, thus making the petition untimely.

petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 6th day of November, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE